THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANHATTAN SQUARE BERESFORD, INC., Appellant, *v.* JAMES J. SEXTON and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

(Taxes of 1932 and 1933.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANHATTAN SQUARE BERESFORD, INC., Appellant, *v.* WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, and Constituting the Board of Taxes and Assessments of the City of New York, Respondents.

(Taxes of 1934.)

(Consolidated Proceeding.)

First Department, February 16, 1940.

*Maurice Survis* of counsel [*Carl J. Austrian*, attorney], for the appellant.

*Arthur H. Goldberg* of counsel [*Arthur A. Segall* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondents.

PER CURIAM.   We agree with the view of Special Term that the methods used by relator's witness Altreuter were proper, and that the criticism of Altreuter's methods by the city's sole witness, Solomon, was unwarranted.   We thus have a case where no testimony as to values and no substantial contradiction of the relator's testimony concerning such value was offered by the city.   Special Term, nevertheless, found that the reductions in assessed valuations allowed by the referee were excessive.   As the referee had fixed the value of the property in some years in amounts less than that testified to by relator's expert, Altreuter, Special Term was warranted in refusing to follow the figures found by the referee to the extent of increasing same to the values given by Altreuter; but we find no sufficient basis for any increase beyond those valuations.   (*People ex rel. Nichols* v. *Miller*, 255 App. Div. 373; affd., 280 N. Y. 696.)   The evidence in the case strongly supported the fairness of Altreuter's valuations.

While we agree that actual income should receive due consideration in determining potential income, we find no basis for holding that Altreuter did not give due consideration to actual income. The building involved unquestionably was an adequate, if not the best improvement that could be placed upon the land.   It was erected solely as an income-producing structure.   Valuation by capitalization of potential income was, therefore, a proper method to use in fixing values.   That there was evidence of reproduction cost of the building which was lower than the figure arrived at by the capitalization of potential income would not alter the right to use the values arrived at by the capitalization method.   Reproduction cost is sometimes said to represent the maximum value (*People ex rel. D., L. & W. R. R. Co.* v. *Clapp*, 152 N. Y. 490), but that rule would not apply to property of the present nature, especially where, as here, a higher value is supported by some different theory of valuation which would appear to have greater weight.

Based upon all the testimony in this case, we deem that the assessed valuations should have been fixed no higher than as follows:

|  | 1932 |
| --- | --- |
| Land | $2,100,000 |
| Building | 4,250,000 |
|  | $6,350,000 |

| | 1933 |
|---|---|
| Land | $1,850,000 |
| Building | 4,150,000 |
| | $6,000,000 |

| | 1934 |
|---|---|
| Land | $1,750,000 |
| Building | 3,850,000 |
| | $5,600,000 |

The final orders entered May 26, 1939, reducing the assessments for the years 1932 and 1933, should be modified by further reducing the assessments as indicated in this opinion.

The order entered May 26, 1939, which confirmed the assessment for the year 1934, should be reversed, and the motion granted to the extent of modifying the report of the referee by reducing the assessment as indicated in this opinion.

As so modified the orders appealed from should be affirmed, with twenty dollars costs and disbursements to the appellant.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ.

Final orders entered May 26, 1939, reducing the assessments for the years 1932 and 1933, unanimously modified by further reducing the assessments as indicated in opinion. Order entered May 26, 1939, confirming the assessment for the year 1934, unanimously reversed and motion granted to the extent of modifying the report of the referee by reducing the assessment as indicated in opinion. As so modified the orders appealed from are affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice,